2003 OK JUD ETH 1

**JUDICIAL ETHICS OPINION 2003–1.**

Oklahoma Judicial Ethics Advisory Panel.

March 14, 2003.

**FACT SITUATION:**

¶ 0 The District Judges of an Administrative District appointed a practicing attorney to the office of Special District Judge to fill a position vacated by a Special Judge upon his assuming the office of District Judge.

¶ 1 The lawyer, in anticipation of the assumption of said office, closed her law practice.

¶ 2 Subsequently, the Supreme Court directed that no non-elected positions should be filled until further direction of the Supreme Court, due to budget shortfalls, specifically referring to vacancies occurring in Spe-

cial Judges' offices, as well as other vacated positions.

¶ 3 By reason of the Supreme Court's directive, the lawyer has not been sworn in and assumed the office of Special Judge.

QUESTIONS:

¶ 4 May the attorney reopen her law practice or take other legal employment until funding becomes available allowing her to be sworn in and assume the office of Special District Judge?

¶ 5 Is she a candidate for election or appointment to judicial office so as to invoke the provisions of *Canon 5* of the Code of Judicial Conduct?

¶ 6 **WE ANSWER:** Yes to both questions.

DISCUSSION:

¶ 7 The only provision of the Code of Judicial Conduct that applies to a candidate or applicant for election or appointment to judicial office is *Canon 5*, which directs that judicial candidates should refrain from inappropriate political activity as set forth in the Canon. The other Canons apply only to a judge who has been sworn in and taken office. We conclude that nothing in the Canons prevents the party making the inquiry from re-opening her practice or taking other employment in the legal field until such time as she may be sworn in.

¶ 8 With regard to the second question, it would appear that when the lawyer made application for appointment to the office, and was in fact appointed by the appointing authority, the lawyer became a party subject to *Canon 5* of the Code of Judicial Conduct, and should adhere to the provisions of that Canon.

¶ 9 ROBERT L. BAILEY, Chairman, ROBERT D. SIMMS, Vice Chairman, MILTON C. CRAIG, Secretary.